UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, *ex rel.*
VERITY INVESTIGATIONS, LLC,

        Plaintiff,

    v.

STURGEON SERVICES INTERNATONAL,
INC,

        Defendant.

Case No. 1:24-cv-00927-CDB

ORDER UNSEALING ALL FILINGS AND
UNSELAING THE CASE

Clerk of the Court to Randomly Assign
District Judge

On August 9, 2024, Plaintiff/Relator Verity Investigations, LLC ("Verity"), on behalf of itself and the United States of America ("government"), initiated this *qui tam* action with the filing of a complaint against Sturgeon Services International, Inc. ("Defendant"). (Doc. 1). Verity alleges violations of the False Claims Act (31 U.S.C. § 3729 *et seq.*).

Following three grants of the government's *ex parte* applications to extend its time to elect to intervene (Docs. 7, 11, 13), on December 18, 2025, Verity filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Doc. 14). Thereafter, at the Court's direction to make a filing indicating its consent or non-consent to dismissal, the government filed a notice of consent to Verity's voluntary dismissal. (Docs. 15-17).

In its notice, the government requests that Verity's complaint, notice of dismissal, the instant notice, and the Court's order on dismissal be unsealed. The government further requests

1

that "all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." (*Id*. at 1-2).

In *qui tam* actions, courts consider "lifting the seal on the entire record to be appropriate *unless* the Government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *U.S. ex rel. Lee v. Horizon West, Inc.* No. C 00-2921 SBA, 2006 WL 305966, at \*2 (N.D. Cal. Feb. 8, 2006) (citing cases) (emphasis in original). "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id*.

The sealing order in this case implicitly acknowledges that the seal would be lifted upon expiration of the time for the government to elect or decline to intervene, absent good cause. (Doc. 5). In its request for a continued, limited sealing of certain documents, the government does not demonstrate that any documents presently under seal reveal confidential investigative methods or techniques, or contain information that could jeopardize an ongoing investigation, or contain information that could harm non-parties. As it stands, the Court has determined there are three filings – government counsel's declarations filed in support of its *ex parte* applications to extend its time to elect or decline to intervene (Docs. 6, 9, 12-1) – that discuss in only general terms the content and extent of the government's investigation. Specifically, those documents address generally the government's use of discovery tools and agency coordination during its investigation. But the documents do not identify sensitive investigative methods, or reveal internal government or agency decision making or thought processes, or otherwise suggest on their face that disclosure of the general contents would jeopardize an ongoing or future investigation.

Accordingly, because there is no basis for the Court to maintain a limited seal, the Court will direct that the matter be unsealed in its entirety. *See United States ex rel. Relator LLC v. Kootstra*, No. 1:22-cv-00924-TLN-CDB, Doc. 19 (10/17/2023) & Doc. 22 (10/27/2023)

(declining to permit limited unsealing); *United States ex rel. Blair v. SourceAmerica, Inc.*, No. 1:20-cv-01455-JLT-EPG, 2023 WL 4087635 (E.D. Cal. June 20, 2023) (same)*; United States ex rel. Medstar LLC v. VJ's Transp. Servs., Inc.*, No. 2:20-CV-1400-KJM-JDP, 2021 WL 1164723 (E.D. Cal. Mar. 26, 2021) (same). Accord *Wolff v. Citigroup, Inc.*, 221 F. Supp. 3d 1260, 1262-63 (D. Col. 2016) (rejecting government's request to maintain under seal its application for extension of time to intervene in *qui tam* action where application only addressed in general and "innocuous" terms the government's investigation; noting "[n]othing here describes anything remotely sensitive").

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that the action and all docketed filings be UNSEALED.

The Clerk of the Court is DIRECTED to unseal all filings and unseal the case

The Clerk of the Court is FURTHER DIRECTED to randomly assign a U.S. district judge.

IT IS SO ORDERED.

Dated:   **January 27, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3